063594.0347(207)                    HEP:gb
063595.0347(207)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) No. 3:08-cv-03043-JES-CHE ) |
| A-M, L.L.C., an Illinois limited liability company, V-M, L.L.C., an Illinois limited liability company, ALAN LaROCHELLE, VICTOR ARMSTRONG, and MICHAEL SUHADOLNIK, | ) ) ) ) ) ) |
| **Defendants.** | ) |

### PLAINTIFF'S MEMORANDUM OF LAW IN
### SUPPORT OF ITS MOTION FOR DEFAULT JUDGMENT

Now comes the Plaintiff, State Auto Property & Casualty Insurance Company, by its attorney, Robert Marc Chemers of Pretzel & Stouffer, Chartered, and submits the following Memorandum of Law in support of its Motion for Default Judgment against the Defendants A-M, L.L.C., V-M, L.L.C. and Alan LaRochelle.  In support hereof, Plaintiff states as follows:

#### INTRODUCTION

On February 14, 2008, State Auto Property & Casualty Insurance Company ("State Auto") filed its Complaint for Declaratory Judgment against Defendants A-M, L.L.C., V-M, L.L.C., Alan LaRochelle, Victor Armstrong and Michael Suhadolnik wherein State Auto sought a declaration from this Court as to its duty to defend under commercial general liability policies which were issued to A-M, L.L.C. and V-M, L.L.C.

On February 19, 2008, State Auto issued waiver of service of summons letters to all of the

Defendants. On March 5, 2008, State Auto filed an executed waiver of service for A-M, L.L.C. ("A-M"). A copy of the executed waiver of service is attached as Exhibit A (Doc. 3). On March 5, 2008, State Auto filed an executed waiver of service for V-M, L.L.C. ("V-M"). A copy of the executed waiver of service is attached as Exhibit B (Doc. 4). On March 5, 2008, State Auto filed an executed waiver of service for Alan LaRochelle ("LaRochelle"). A copy of the executed waiver of service is attached as Exhibit C (Doc. 5).

Pursuant to Federal Rule of Civil Procedure 4(d)(3), A-M, V-M and LaRochelle were obligated to appear no later than April 21, 2008. To date, no appearances or answers have been filed for A-M, V-M or LaRochelle. A-M, V-M, and LaRochelle are in default and pursuant to Federal Rule of Civil Procedure Rule 55(b), this Court is authorized to enter judgment by default. Further, as is apparent by the pleadings in this matter, the underlying Complaint does not allege conduct which is even potentially covered by the State Auto policy, thus State Auto does not owe a duty to defend A-M, V-M or LaRochelle and is entitled to judgment.

## STATEMENT OF FACTS

State Auto issued a policy of insurance numbered SPP2413256-00 to A-M as named insured (Doc. 1, ¶ 9). The policy provided for Commercial General Liability Insurance and Umbrella Liability Insurance for the effective period of July 1, 2006 to July 1, 2007 (Doc. 1, ¶ 9). The policy was renewed under SPP2413256-01 for the period of July 1, 2007 to July 1, 2008 (Doc. 1, ¶ 9). Certified true and correct copies of the State Auto policies of insurance are attached to State Auto's Complaint and are marked as Pleading Exhibits A and B, respectively (Doc. 1, ¶ 9).

State Auto issued its policy of insurance numbered SPP2413242-00 to V-M as named insured (Doc. 1, ¶ 10). The policy provided for Commercial General Liability Insurance and

Umbrella Liability Insurance for the effective period of July 1, 2006 to July 1, 2007 (Doc. 1, ¶ 10). The policy was renewed under SPP2413242-01 for the period of July 1, 2007 to July 1, 2008 (Doc. 1, ¶ 10). Certified true and correct copies of the State Auto policies of insurance are attached to State Auto's Complaint and are marked as Pleading Exhibits C and D, respectively (Doc. 1, ¶ 10).

The underlying plaintiff has filed an action for damages against A-M, V-M, LaRochelle and Armstrong in the Circuit Court of the 7th Judicial Circuit, Sangamon County, Illinois, under Cause No. 07 L 347 (Doc. 1, ¶ 11). A true and correct copy of the Complaint is attached to State Auto's Complaint and is marked as Pleading Exhibit E (Doc. 1, ¶ 11). The underlying plaintiff seeks damages from A-M, V-M, LaRochelle and Armstrong for breach of fiduciary duty based on intentional and malicious conduct in Count I, and damages for unjust enrichment from LaRochelle and Armstrong in Count III, all of which more fully appears in Pleading Exhibit E attached hereto (Doc. 1, ¶ 12).

A-M, V-M, LaRochelle and Armstrong have made a demand on State Auto to provide them with a defense for the action filed by the underlying plaintiff (Doc. 1, ¶ 13). State Auto refused to accept that tender of defense for the reasons herein stated (Doc. 1, ¶ 13).

## PROVISIONS OF THE CGL POLICIES

Each policy provides specifically, in relevant part, as follows:

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**Insuring Agreement**

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to

which this insurance does not apply. We may, at our discretion investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and

**(2)** Our right and duty to defend and when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverage A and B.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

**(2)** The "bodily injury" or "property damage" occurs during the policy period.

Each policy defines the term "property damage", as follows:

"Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

Each policy defines the term "occurrence", as follows:

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general or harmful conditions.

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**Insuring Agreement**

a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

   (1) The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and

   (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgements or settlements under Coverages A or B or medical expenses under Coverage C.

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

b.  This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

Each policy defines the term "Personal and advertising injury", as follows:

"Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

   a.  False arrest, detention or imprisonment;

   b.  Malicious prosecution;

   c.  The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

  d.  Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

  e.  Oral or written publication, in any manner, of material that violates a person's right to privacy;

  f.  The use of another's advertising idea in your "advertisement"; or

  g.  Infringing upon another's copyright, trade dress or slogan in your "advertisement".

## STANDARD OF REVIEW

A party is authorized to seek a default judgment pursuant to Federal Rule of Civil Procedure 55. Under this Rule, the Court may enter a judgment by default when the non-moving party has "failed to plead or otherwise defend" itself. Fed.R.Civ.P. 55. As a general rule, a default judgment establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint, as long as plaintiff's allegations are well-plead. *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir.1983) citing *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 186 (7th Cir.1982). Plaintiff must then establish a right to the requested relief sought. *In re Catt*, 368 F.3d 789, 793 (7th Cir.2004).

## ARGUMENT

The sole question for the Court in this matter is the purely legal question of whether State Auto has a duty to defend A-M, V-M and LaRochelle where the underlying complaint alleges intentional acts of breach of fiduciary duty and seeks damages for unjust enrichment against them. There is no issue of fact which would affect the outcome of this case. The clear answer is that State Auto has no duty or obligation to defend A-M, V-M and LaRochelle in connection with

Suhadolnik's underlying complaint because the claims alleged against A-M, V-M and LaRochelle are based on intentional and malicious conduct, conduct for which the State Auto policy clearly does not provide coverage. Hence, A-M, V-M and LaRochelle are not entitled to a defense. Accordingly, this Court should relieve State Auto of its duty to defend A-M, V-M and LaRochelle and grant judgment as a matter of law in favor of State Auto.

In this federal diversity case, the question of whether the insurance policies at issue provide coverage is governed by Illinois law. *Prisco Serena Sturm Architects, Ltd. v. Liberty Mut. Ins. Co.*, 126 F.3d 886, 890 (7th Cir. 1997). The construction of an insurance policy is a question of law. *Outboard Marine Corp. v. Liberty Mutual Ins. Co.*, 154 Ill.2d 90, 107-08, 607 N.E.2d 1204, 1212 (1992); *American States Ins. Co. v. Koloms*, 177 Ill.2d 473, 479-480, 687 N.E.2d 72, 75 (1997). In determining whether an insurer has a duty to defend its insured, a Court must look to the allegations in the underlying complaint and the relevant provisions of the insurance policy. *Outboard Marine Corp.,* 154 Ill.2d at 107-108, 607 N.E.2d at 75. A Court will look only to the four corners of the complaint brought against the insured to determine if a potential for coverage exists. *Farmers Auto. Ins. Ass'n. v. Country Mut. Ins. Co.,* 309 Ill.App.3d 694, 698, 722 N.E.2d 1228, 1232 (4th Dist. 2000).

The insurer may refuse to defend, where, as here, the insurance policy cannot possibly cover the liability arising from the facts alleged, and the policy cannot possibly cover that liability when the terms of the policy clearly exclude coverage. *Illinois Emcasco Ins. Co. v. Northerwestern Nat'l. Cas. Co.,* 337 Ill.App.3d 356, 360, 785 N.E.2d 905, 908 (1st Dist. 2003); *Hankins v. Pekin Ins. Co.,* 305 Ill.App.3d 1088, 1092, 713 N.E.2d 1244, 1247-48 (5th Dist. 1999). When the words of a policy are clear and unambiguous, a Court must afford them the plain, ordinary and popular meaning of

their terms, conditions, limitations, notices, agreements, definitions and exclusions. *Outboard Marine,* 154 Ill.2d at 108, 607 N.E.2d at 75; *Coleman v. Charlesworth,* 157 Ill.2d 257, 260, 623 N.E.2d 1366, 1368 (1993).

To determine whether the factual allegations in the underlying complaint triggered the insurer's duty to defend, two separate inquiries must be made: whether the complaint alleges an "occurrence" within the policy period; and if so, whether the occurrence caused "property damage" or "bodily injury." *Viking Construction Management, Inc. v. Liberty Mut. Ins. Co.*, 358 Ill. App. 3d 34, 41, 831 N.E.2d 1, 6 (1st Dist. 2005). Here, nothing can be clearer than the fact that the *Suhadolnik* Complaint does not allege "bodily injury," "property damage," "personal and advertising injury" nor an "occurrence" as defined by the State Auto policies. When the Court compares the *Suhadolnik* Complaint to the policy provisions, there is no doubt that the policies do not provide coverage for allegations of breach of fiduciary duty based on intentional and malicious conduct and economic damages for unjust enrichment.

**I.     STATE AUTO DOES NOT OWE A DUTY TO DEFEND BECAUSE THE *SUHADOLNIK* COMPLAINT DOES NOT ALLEGE AN "OCCURRENCE."**

The CGL policies in the instant case define an occurrence as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Thus, to determine whether the complaint alleges an occurrence, the Court will first ask whether Suhadolnik has alleged an accident within the meaning of the policies and as defined by Illinois law. *Monticello Ins. Co. v. Wil-Freds Construction, Inc.*, 277 Ill.App.3d 697, 701-03, 661 N.E.2d 451, 454 - 456 (2nd Dist. 1996). Only if the Court answers this question in the affirmative is it necessary to proceed to ask whether this accident has resulted in "property damage" or "bodily injury."

When construing CGL policies, courts define an accident as "an unforeseen occurrence, usually of an untoward or disastrous character or an undesigned sudden or unexpected event of an inflictive or unfortunate character." *Aetna Cas. & Surety Co. v. Freyer*, 89 Ill.App.3d 617, 619, 411 N.E.2d 1157, 1158 (1st Dist. 1980). This extension of coverage from "accidents" to "occurrences" broadens coverage and eliminates the need for an exact finding as to the cause of damages, so long as they are neither expected nor intended from the standpoint of the insured. However, the natural and ordinary consequences of an act do not constitute an accident. *Travelers Ins. Co. v. P.C. Quote, Inc.*, 211 Ill.App.3d 719, 726, 570 N.E.2d 614, 619 (1st Dist. 1991).

In *West American Ins. Co. v. Mund*, 500 F.Supp.2d 1071, 1078 (S.D. Ill. 2007), the Court held that where the underlying complaint is replete with allegations that the conduct was done to intentionally deceive and the facts are consistently couched in terms of intentional deception and fraud, there is no coverage under a commercial general liability policy. Further, in *Connecticut Indemnity Co. v. DER Travel Service, Inc.*, 328 F.3d 347, 351 (7th Cir. 2003), the Court held that where a review of the underlying pleadings reveals not even a hint of negligent conduct alleged, the conduct alleged is not even arguably within coverage of the policy. The Court found that "Phrases such as 'mislead and conceal,' 'scheme and device,' and 'intentionally and willfully' are the paradigm of intentional conduct and the antithesis of negligent actions." *Id.* at 351.

"The complaint must be read as a whole in order to assess its true nature." *United Fire & Casualty Co. v. Jim Maloof Realty, Inc.*, 105 Ill.App.3d 1048, 1050, 435 N.E.2d 496, 498 (3rd Dist. 1982). The *Suhadolnik* Complaint begins by stating, "[t]he causes of action alleged in this Complaint arise from defendants' intentional and malicious misuse of positions or trust and authority for their own benefit or for the benefit of those with whom they were acting in concert. *Suhadolnik*

-9-

*Complaint* ¶ 1. Count I of the *Suhadolnik* Complaint alleges a claim for breach of fiduciary duty. Count I alleges conduct and describes such conduct as "intended to place Mike in financial distress." Count III of the *Suhadolnik* Complaint seeks damages for unjust enrichment alleging that the defendants received profits which they were not entitled to receive. The *Suhadolnik* Complaint does not allege any conduct which is not described as intentional. None of the allegations qualify as "accidental," "unforeseen," "unexpected," or "unintended." Accordingly, the breach of fiduciary duty and unjust enrichment allegations fail to allege an "occurrence" as defined by Illinois law and under State Auto's policies. It is black letter law that there must be an "occurrence" resulting in "property damage" during the policy period in order to trigger coverage under the insurance policy. *Travelers Ins. Co. v. Eljer Mfg.*, 197 Ill.2d 278, 293, 757 N.E.2d 481, 491 (2001). Thus, A-M, V-M and Rochelle are not entitled to coverage under the State Auto policy.

**II.    STATE AUTO DOES NOT OWE A DUTY TO DEFEND BECAUSE THE *SUHADOLNIK* COMPLAINT DOES NOT SEEK DAMAGES FOR "BODILY INJURY."**

A quick review of the *Suhadolnik* Complaint makes it apparent that the underlying action has nothing to do with "bodily injury." The State Auto policies define "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." The *Suhadolnik* Complaint alleges claims for breach of fiduciary duty and unjust enrichment. It alleges an intentional scheme to bilk Suhadolnik out of millions of dollars. It also seeks to recover for the unjust enrichment which those individuals have received as a result of the scheme. There are absolutely no allegations regarding injury, sickness, disease or death. State Auto does not owe a duty to defend because the *Suhadolnik* Complaint does not seek damages caused by "bodily injury."

**III.    STATE AUTO DOES NOT OWE A DUTY TO DEFEND BECAUSE THE *SUHADOLNIK***

**COMPLAINT DOES NOT SEEK DAMAGES FOR "PROPERTY DAMAGE," RATHER IT SEEKS ONLY ECONOMIC DAMAGES.**

CGL policies such as the ones here are intended to protect the insured from liability for injury to people or property. The *Suhadolnik* Complaint does not involve injury to people or property. State Auto does not owe a duty to defend because the *Suhadolnik* Complaint does not seek damages for "property damage." The State Auto policies define "property damage" as: "(a) physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or (b) loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it." Based on a review of the allegations of the *Suhadolnik* Complaint, there are no allegations which allege "property damage." Rather, the only type of damage discussed by the *Suhadolnik* Complaint are economic damages for which Suhadolnik seeks unjust enrichment.

Illinois courts preclude a finding of covered property damage where only economic losses are claimed. *Travelers,* 197 Ill.2d at 312, 757 N.E.2d at 491; *CMO Graphics, Inc. v. CNA Insurance,* 115 Ill.App.3d 491, 496-97, 450 N.E.2d 860, 863 (1st Dist. 1983)(lost profits, goodwill and printing costs are intangibles not covered under a general liability policy where plaintiff failed to allege any damages caused to its products or any diminution in value of its products as a result of the printing of defective advertising inserts); *Ludwig Candy Co. v. Iowa National Mutual Ins. Co.*, 78 Ill.App.3d 306, 310, 396 N.E.2d 1329, 1332 (1st Dist. 1979)(lost profits, damage to reputation, lost goodwill and costs incurred from incidental expenses and in warehousing defective candy that had to be pulled from the market were economic losses not covered by the property damages portion of the insured's liability coverage); *Chambers Gasket & Manufacturing Co. v. General Ins. Co.*, 29

Ill.App.3d 998, 1002, 331 N.E.2d 203, 206 (1st Dist. 1975)(no property damage alleged when complaint sought recovery for defective gaskets but alleged no injury to any other property); *Hartford Accident & Indemnity Co. v. Case Foundation Co.*, 10 Ill.App.3d 115, 124, 294 N.E.2d 7, 14 (1st Dist. 1973)(investments, anticipated profits and financial interests are not physical or tangible property); *Hamilton Die Cast, Inc. v. United States Fidelity & Guaranty Co.*, 508 F.2d 417, 419 (7th Cir. 1975)(inclusion of a defective component where no physical harm occurs to other parts is not property damage.) Because Illinois law precludes a finding of covered property damage where only economic losses are claimed, State Auto does not owe a duty to defend. *See American Fire & Cas. Co. v. Broeren Russo Const. Co., Inc.*, 54 F.Supp.2d 842 (C.D.Ill.1999).

IV.  **STATE AUTO DOES NOT OWE A DUTY TO DEFEND BECAUSE THE *SUHADOLNIK* COMPLAINT DOES NOT SEEK DAMAGES BECAUSE OF "PERSONAL AND ADVERTISING INJURY."**

Under Coverage B of the policies, State Auto has the duty to defend any suit against A-M, V-M and LaRochelle seeking damages involving "personal and advertising injury." The policies define "personal and advertising injury" as injury arising out of one or more of the following offenses:

   a.  False arrest, detention or imprisonment;
   b.  Malicious prosecution;
   c.  The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
   d.  Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services'
   e.  Oral or written publication, in any manner, of material that violates a person's right of privacy;
   f.  The use of another's advertising idea in your "advertisement"; or
   g.  Infringing upon another's copyright, trade dress or slogan in your "advertisement."

The *Suhadolnik* Complaint consists of three counts, two causes of action against the insureds. Neither of the counts directed against the insureds alleges one of the requisite offenses necessary in order to fall within the definition of "personal and advertising injury." Count I alleges breach of fiduciary duty based on intentional and malicious conduct against A-M, V-M, LaRochelle and Armstrong.[1] Count III seeks damages for unjust enrichment against LaRochelle and Armstrong. In order for State Auto to owe its insureds a defense, there must be at least a potential for coverage for one of those two claims under the definition for "personal and advertising injury." Clearly, no such potential exists. Rather, it is apparent that the allegations contained in the *Suhadolnik* Complaint do not fit into one of the offenses listed in the policy. State Auto does not owe a duty to defend because the *Suhadolnik* Complaint does not seek damages caused by "personal and advertising injury." *JG Industries, Inc. v. National Union Fire Ins. Co. of Pittsburgh*, 218 Ill.App.3d 1061, 1066, 578 N.E.2d 1259, 1262 (1st Dist. 1991) (If a claim is not an enumerated offense, then it is not covered under the policy.).

## CONCLUSION

An insurer may refuse to defend, where, as here, the insurance policy cannot possibly cover the liability arising from the facts alleged. *Illinois Emcasco Ins. Co. v. Northerwestern Nat'l. Cas. Co.,* 337 Ill.App.3d at 360, 785 N.E.2d at 908; *Hankins v. Pekin Ins. Co.,* 305 Ill.App.3d at 1092, 713 N.E.2d at 1247-48. Here, it is apparent that the allegations of the *Suhadolnik* Complaint are for intentional and malicious conduct, conduct which does not fall under the policies definition of

---

[1] Count II of the *Suhadolnik* Complaint alleges Conspiracy to Breach of Fiduciary Duty against Central Illinois Bank, Central Illinois Bank Marine Bancshares, Inc., Margaret A. Incandela, Jose Arunjo and Dean Katsaros, none of whom are interested parties to this coverage action.

"occurrence." Further, while the State Auto policies extend coverage for "bodily injury," "property damage," or "personal and advertising injury" as defined therein, the claims in the underlying action by the underlying plaintiff do not involve "bodily injury," "property damage," or "personal and advertising injury" as those terms are defined.

**WHEREFORE**, the Plaintiff, State Auto Property and Casualty Insurance Company, prays that this Court enters judgment finding and declaring the rights of the parties as follows:

### As To Count I:

A. That State Auto Property and Casualty Insurance Company has no duty or obligation to provide a defense to A-M, L.L.C., and Alan LaRochelle for the action filed in the Circuit Court of the 7th Judicial Circuit, Sangamon County, Illinois, under Cause No. 07 L 347, under its policies of insurance.

B. That the Court grant State Auto Property and Casualty Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C. That State Auto Property and Casualty Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

### As To Count II:

A. That State Auto Property and Casualty Insurance Company has no duty or obligation to provide a defense to V-M, L.L.C. for the action filed in the Circuit Court of the 7th Judicial Circuit, Sangamon County, Illinois, under Cause No. 07 L 347, under its policies of insurance.

B. That the Court grant State Auto Property and Casualty Insurance Company

      such other and further relief as the Court deems fit and just under the circumstances.

C.     That State Auto Property and Casualty Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

                                        **s/ Robert Marc Chemers**
                                        Bar Number:  00431508
                                        PRETZEL & STOUFFER, CHARTERED
                                        One South Wacker Drive
                                        Suite 2500
                                        Chicago, Illinois 60606
                                        Telephone:     (312) 578-7548
                                        Fax:                (312) 346-8242
                                        E-Mail:           rchemers@pretzel-stouffer.com
                                        ***Attorneys for Plaintiff***

Robert Marc Chemers
Heather E. Plunkett
*Of Counsel*

## CERTIFICATE OF FILING

The foregoing Memorandum of Law in Support of its Motion for Default Judgment was filed electronically on May 15, 2008.

                        **s/ Robert Marc Chemers**
                        Robert Marc Chemers Bar Number: 00431508
                        *Attorneys for Plaintiff*
                        PRETZEL & STOUFFER, CHARTERED
                        One South Wacker Drive
                        Suite 2500
                        Chicago, Illinois 60606
                        Telephone:   (312) 578-7548
                        Fax:         (312) 346-8242
                        E-Mail:      rchemers@pretzel-stouffer.com